Laura A. JACKSON, Petitioner,

v.

**DEPARTMENT OF VETERANS AFFAIRS,** Respondent.

No. 02–3243.

United States Court of Appeals, Federal Circuit.

March 14, 2003.

Before MAYER, Chief Judge, LINN and PROST, Circuit Judges.

## ON MOTION

LINN, Circuit Judge.

### *ORDER*

Laura A. Jackson responds to the court's January 13, 2003 order by submitting a "Permission to Petition for Review/Motion to Reopen Issues," and moves this court to "review new evidence." The Department of Veterans Affairs (DVA) opposes and moves to dismiss Jackson's petition for review for failure to comply with the court's January 13, 2003 order. Jackson opposes DVA's motion to dismiss.

Jackson has previously submitted numerous documents to the court. On January 13, 2003, the court denied Jackson's motion to "Join/Remand to Merit Systems Protection Board." In her various papers, Jackson sought to join claims that have been previously decided by this court concerning involuntary resignation and discrimination, *Jackson v. DVA,* 99–3239 (dismissing and denying motion to reinstate appeal), and disability retirement claims, *Jackson v. DVA,* 01–3064 (affirming the Board's decision denying benefits), with this petition for review relating to job restoration. She also sought to join a whistleblowing claim she filed before the Board and in which the Board has not issued a final decision. Jackson also attempted to join her various claims with those of her husband or, in the alternative, to have her case remanded to the Board in an effort to join her pending and previously litigated claims with those of her husband.

In the court's prior order, we advised Jackson that the only decision properly before this court is the Board's March 1, 2002 final decision on her job restoration claim. The other claims of which Jackson sought review or, alternatively, remand, have either been fully and previously adjudicated or are not yet ripe for review. Accordingly, the court directed Jackson to, among other things, submit a conforming brief confined to the merits of the Board's March 1, 2002 decision by January 28, 2003 or her case would be dismissed. The court further advised Jackson that "any future submissions not limited to a discussion of the single March 1, 2002 Board decision will be rejected." Nonetheless, Jackson continues to file various papers unrelated to the decision of which Jackson petitions for review and has yet to file a conforming brief limited to that decision in conformance with this court's January 13, 2003 order.

Accordingly,

IT IS ORDERED THAT:

(1) Jackson's "motion to reopen" and motion to review new evidence are denied.

(2) DVA's motion to dismiss is granted.

(3) Each side shall bear its own costs.